IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00880-PAB

ANN LOPEZ,

      Plaintiff,

v.

AMANDA MATTHEWS,

      Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] of defendant Amanda Matthews.  Defendant asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 3, ¶ 12.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 12. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. The allegations regarding the citizenship of plaintiff and defendant, however, are not well-pled.

The Notice of Removal asserts that at all relevant times plaintiff was "a citizen of the State of Colorado," and, in support, cites to paragraph one of plaintiff's complaint. Docket No. 1 at 1, ¶ 3. However, paragraph one of the complaint states only that plaintiff is a "resident of Durango, La Plata County, Colorado." Docket No. 1-1 at 1, ¶ 1.

Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Defendant's allegation of plaintiff's citizenship is not well-pled because it is not supported by the cited material.

The Notice of Removal states that defendant was a resident of Texas at all relevant times. Docket No. 1 at 2, ¶ 5. As noted, however, allegations of residency are insufficient to show domicile and allow the Court to determine whether or not it has jurisdiction. "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith*, 445 F.3d at 1260 (citing *Keys Youth Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv- 00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices.").

Because the allegations regarding the citizenship of plaintiff and defendant are not well-pled, the Court is unable to determine the citizenship of either party and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand*

*Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking

the exercise of jurisdiction in his favor must allege in his pleading the facts essential to

show jurisdiction." (quotations omitted)).  It is therefore

       **ORDERED** that, on or before **April 15, 2021**, defendant shall show cause why

this case should not be remanded due to the Court's lack of subject matter jurisdiction.


       DATED April 1, 2021.

                    BY THE COURT:

                    PHILIP A. BRIMMER
                    Chief United States District Judge